1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7   DAVID RAY EMERSON,

8                          Plaintiff,                NO:  13-CV-0139-TOR

9          v.                                        ORDER GRANTING DEFENDANT'S
                                                     MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                        JUDGMENT
    Commissioner of Social Security
11  Administration,

12                         Defendant.

13

14        BEFORE THE COURT are the parties' cross motions for summary

15  judgment (ECF Nos. 12, 17).  Plaintiff is represented by Dana C. Madsen.

16  Defendant is represented by Daphne Banay.  The Court has reviewed the

17  administrative record and the parties' completed briefing and is fully informed.

18  For the reasons discussed below, the Court grants Defendant's motion and denies

19  Plaintiff's motion.

20  ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

1    "substantial gainful activity," the Commissioner must find that the claimant is not

2    disabled.  20 C.F.R. § 416.920(b).

3        If the claimant is not engaged in substantial gainful activities, the analysis

4    proceeds to step two.  At this step, the Commissioner considers the severity of the

5    claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6    "any impairment or combination of impairments which significantly limits [his or

7    her] physical or mental ability to do basic work activities," the analysis proceeds to

8    step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9    this severity threshold, however, the Commissioner must find that the claimant is

10   not disabled.  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12   several impairments recognized by the Commissioner to be so severe as to

13   preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14   § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

15   enumerated impairments, the Commissioner must find the claimant disabled and

16   award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18   of the enumerated impairments, the Commissioner must pause to assess the

19   claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20   defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    activities on a sustained basis despite his or her limitations (20 C.F.R.

2    § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

3          At step four, the Commissioner considers whether, in view of the claimant's

4    RFC, the claimant is capable of performing work that he or she has performed in

5    the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

6    capable of performing past relevant work, the Commissioner must find that the

7    claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

8    performing such work, the analysis proceeds to step five.

9          At step five, the Commissioner considers whether, in view of the claimant's

10   RFC, the claimant is capable of performing other work in the national economy.

11   20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

12   must also consider vocational factors such as the claimant's age, education and

13   work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

14   Commissioner must find that the claimant is not disabled.  20 C.F.R.

15   § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

16   analysis concludes with a finding that the claimant is disabled and is therefore

17   entitled to benefits.  *Id.*

18         The claimant bears the burden of proof at steps one through four above.

19   *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

20   the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on July 9, 2010, alleging an onset date of June 1, 1986.[1]  Tr. 132.  His claim was denied initially and on reconsideration.  Tr. 93-96, 101-102.  Plaintiff appeared at a hearing before an administrative law judge on January 6, 2012.  Tr. 45-72.  The ALJ issued a decision on January 26, 2012, finding that Plaintiff was not disabled under the Act.  Tr. 25-34.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 9, 2010, the application date.  Tr. 27.  At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the listing of impairment.  Tr. 27-29.  The ALJ determined Plaintiff had the RFC to "perform the full range of medium work as defined in 20 C.F.R.

---

[1] Irrespective, Plaintiff is not eligible for SSI disability benefits for any month prior to the month following the month he protectively filed his SSI disability benefits application. 20 C.F.R. §§ 416.330, 416.335.

416.967(c)." Tr. 29-33.  At step four, the ALJ found that Plaintiff had no past

relevant work.  Tr. 33.  At step five the ALJ found Plaintiff could perform jobs that

exist in significant numbers (more than one million) in the national economy at

each exertional level; sedentary, light and medium, according to the Medical-

Vocational Guidelines and the vocational expert's testimony.  Tr. 33-34.  Since the

ALJ found that, considering Plaintiff's age, education, work experience, and RFC,

the Plaintiff was capable of making a successful adjustment to other work that

exists in significant numbers in the national economy, a finding of not disabled

was made.  Tr. 34

On February 6, 2012, Plaintiff requested review by the Appeals Council, Tr.

18-21, and submitted a letter brief in support of his argument, Tr. 192-94. On

February 6, 2013, the Appeals Council denied Plaintiff's request for review, Tr. 1-

7, making the ALJ's decision the Commissioner's final decision that is subject to

judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481,

422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him supplemental security income under Title XVI of the Social Security Act.

Plaintiff has essentially identified four issues for review.  First, whether the ALJ

improperly relied on an incomplete examination and report from a consultative

1  physician, Dr. Chandler. ECF No. 12 at 11-12.  Second, whether the ALJ

2  improperly rejected the opinion of Plaintiff's examining physician, Dr. Pollack.

3  *Id*., at 12-19.  Third, whether the ALJ properly discounted Plaintiff's credibility.

4  *Id*., at 15-19.  And fourth, whether the ALJ properly rejected the examining

5  doctors' opinions.  *Id*., at 19-20.

6  ## DISCUSSION

7  ### A. Opinion of Consultative Physician, Dr. Chandler

8  Plaintiff contends the consultative examination report of Samantha

9  Chandler, Psy.D., was incomplete and, therefore, Dr. Chandler's report did not

10  provide evidence that served as an adequate basis for decision making.  ECF No.

11  12 at 11-12.  Without identifying any material records, Plaintiff now contends that

12  "[n]one of the pertinent medical records were provided to Dr. Chandler nor

13  considered by her for the purposes of the examination or report."  Plaintiff explains

14  that the ALJ is required to obtain "missing information" and decide whether the

15  report is adequate to assess the impairment at issue.

16  The Court observes that Dr. Chandler conducted a consultative

17  "psychological diagnostic evaluation" after reviewing the records of Dennis R.

18  Pollack, PhD, Tr. 232, and did not purport to conduct a complete medical review.

19  Furthermore, at the hearing before the ALJ, Plaintiff's attorney affirmatively

20  represented that the administrative record was complete.  Tr. 50.  Critically,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1    Plaintiff's current argument does not identify any "missing information" or

2    demonstrate its significance, i.e., harmful error.  In reply, Plaintiff clarifies that his

3    argument is that Dr. Chandler's report is inadequate, not that the record is

4    incomplete.  That distinction is lost on the Court because without a complete

5    record, how can harmful error be shown? Accordingly, this contention is rejected.

6        **B. Opinion of Examining Physician, Dr. Pollack**

7            Plaintiff contends the ALJ failed to provide clear, convincing, specific or

8    legitimate reasons for rejecting the opinion of Dr. Pollack. ECF No. 12 at 12-19.

9            A treating physician's opinions are entitled to substantial weight in social

10   security proceedings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

11   (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted,

12   an ALJ may reject it only by offering "clear and convincing reasons that are

13   supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

14   Cir. 2005).  "However, the ALJ need not accept the opinion of any physician,

15   including a treating physician, if that opinion is brief, conclusory and inadequately

16   supported by clinical findings."  *Bray*, 554 F.3d at 1228 (quotation and citation

17   omitted).  "If a treating or examining doctor's opinion is contradicted by another

18   doctor's opinion, an ALJ may only reject it by providing specific and legitimate

19   reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d

20   at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    Because Dr. Pollack's opinion (Tr. 299-302) was contradicted by the

2 opinion of examining psychologist Dr. Chandler (Tr. 236), and nonexamining State

3 agency psychologists Mary A. Gentile, Ph.D. (Tr. 245), and Sean Mee, Ph.D. (Tr.

4 259), the ALJ was only required to provide specific and legitimate reasons

5 supported by substantial evidence in the record before discounting Dr. Pollack's

6 opinion.  The ALJ did so in this case. Tr. 28-29.

7    First, Plaintiff contends that Dr. Pollack's opinion was improperly

8 discounted because the ALJ announced the evaluation was conducted at the request

9 of counsel.  While the purpose for which a report is obtained does not itself

10 provide a legitimate basis for rejecting it, *see Reddick v. Chater*, 157 F.3d 715, 726

11 (9th Cir. 1998), here, the ALJ found Dr. Pollack's evidence to be "certainly

12 legitimate and deserved due consideration." Tr. 28.  The ALJ also observed that

13 the context in which the evidence was produced cannot be entirely ignored (e.g.,

14 not for treatment), but later observed that Plaintiff "did not take any prescribed

15 medications for physical or mental health symptoms because he did not have the

16 mon[ey] to pay for them, although he testified he was eligible for state medical

17 care. . . .[and] when he did take medications he found they helped."  Tr. 31.  *See*

18 *Reddick*, 157 F.3d at 726 ("Evidence of the circumstances under which the report

19 was obtained and its consistency with other records, reports, or findings could,

20 however, form a legitimate basis for evaluating the reliability of the report.").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1   Thus, viewing the record as a whole, as this Court must, no error has been shown

2   by the ALJ's observation that Dr. Pollack's examination was not for the purpose of

3   prescribing medication that would be helpful.

4         Next, Plaintiff contends Dr. Pollack's opinion was improperly rejected in

5   favor of Dr. Chandler's because her consultative examination was incomplete. As

6   discussed above, there has been no showing that Dr. Chandler's consultative

7   psychological examination was incomplete.

8         Next, Plaintiff contends the ALJ could not discount Dr. Pollack's report for

9   failing to opine that his limitations would last for twelve months or greater.

10  Plaintiff relies on Dr. Pollack's 2008 reports consistently opining to his disability

11  for almost four years. However, the Commissioner correctly observes that Dr.

12  Pollack's 2008 consistent reports were the subject of a prior ALJ decision denying

13  benefits which was affirmed by this Court.  Accordingly, the ALJ correctly

14  observed that "there is no evidence since July 2010 the claimant's condition

15  worsened and the [ALJ] adopts the conclusion of the prior unfavorable

16  Administrative Law Judge decision."  Tr. 27.  The Court rejects Plaintiff's

17  suggestion that by allowing Dr. Chandler to review Dr. Pollack's 2008 report, the

18  prior proceeding somehow became relevant or was reopened.  No error has been

19  shown.

20  ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

**C. Plaintiff's Credibility**

Plaintiff contends that the ALJ improperly discredited his statements concerning the intensity, persistence and limiting effects of his symptoms, thereby affecting the treatment of his and Dr. Pollack's opinion based in part on those statements.

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 404.1527. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

Evaluating the credibility of a claimant's testimony regarding subjective pain requires the ALJ to engage in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). "First, the ALJ must determine whether the

claimant has presented objective medical evidence of an underlying impairment

which could reasonably be expected to produce the pain or other symptoms

alleged." *Id*. at 1036 (internal citations and quotation marks omitted). The claimant

is not required to show that her impairment "could reasonably be expected to cause

the severity of the symptom she has alleged; she need only show that it could

reasonably have caused some degree of the symptom." *Id*. (quoting *Smolen v.*

*Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). Nor may the ALJ discredit the

subjective testimony as to the severity of the symptoms "merely because they are

unsupported by objective medical evidence." *Reddick v. Chater*, 157 F.3d 715, 722

(9th Cir. 1998).  If the claimant satisfies the first step and there is no evidence of

malingering, the ALJ may only reject the claimant's testimony about the severity of

the symptoms by providing "specific, clear and convincing reasons" for the

rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  On the other hand,

"the medical evidence is still a relevant factor in determining the severity" of the

claimant's limitations.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

  In the event that an ALJ finds the claimant's subjective assessment

unreliable, however, "the ALJ must make a credibility determination with findings

sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not

arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958

(9th Cir. 2002).  In making such a determination, the ALJ may consider, *inter alia*:

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

(1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

testimony or between his testimony and his conduct; (3) the claimant's daily living

activities; (4) the claimant's work record; and (5) testimony from physicians or

third parties concerning the nature, severity, and effect of the claimant's condition.

*Id.*  The ALJ may also consider a claimant's "unexplained or inadequately

explained failure to seek treatment or to follow a prescribed course of treatment."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  If there is no evidence

of malingering, the ALJ's reasons for discrediting the claimant's testimony must

be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th

Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify

the testimony she or he finds not to be credible and must explain what evidence

undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

2001).

    Here, the ALJ provided specific, clear and convincing reasons, supported by

substantial evidence in the record, for discounting Plaintiff's complaints of total

disability.  The ALJ found:

> There is inconsistent information in the record and within the
> claimant's testimony weakening the claimant's credibility. Although
> the inconsistent information provided by the claimant may not be the
> result of a conscious intent to mislead, the inconsistencies suggest the
> information provided by the claimant generally may not be entirely
> reliable.

For example, consultative examiner, Samantha Chandler, Psy.D., made mention of inconsistencies in the claimant's reporting of alcohol and drug use. Furthermore, during Dr. Chandler's examination, the claimant was observed to have normal gait, no abnormal motor movements, and no pain behaviors. He expressed ideas appropriately and his thinking was opined to be organized, he was cooperative, logical, and coherent. The claimant also described activities of daily living inconsistent with his testimony at hearing. He described an ability to prepare sandwiches, use a computer, play video or computer games for 45 minutes to an hour, make phone calls, and watch TV. He described being able to do dishes and take out the trash twice a week. The claimant also assisted his father with grocery shopping each Saturday. More importantly, the claimant was able to play basketball two times a week in the summer and ride his bike short distances. The claimant's hobby was tearing apart, rebuilding computers and playing video games. The claimant denied job-related conflicts, which suggested he is capable of interacting appropriately with supervisors, co-workers and the public.

\* \* \*

The records revealed the claimant was sent for physical therapy in 2008 and it appears he did not continue the treatment from the first visit, which suggests to the undersigned the symptoms were not as severe as alleged. Moreover, in June 2010, Hrair Garabedian, M.D. opined the claimant had no restrictions based on a "cardiac standpoint." There were no treatment records from Dr. Garabedian after June 2010.

\* \* \*

Dr. Leonard opined surgery was not necessary because his sternum appeared to be "very stable." If the claimant's conditions worsened the objective medical evidence failed to reveal it to the undersigned.

\* \* \*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1
2
3
4
5
6

> The claimant reported no use of narcotic medications, including medical marijuana, he denied smoking, and denied alcohol use. However, in a prior visit in December 2010, he reported tobacco use, it was recommended he quit smoking and he did not disclose his use of marijuana. The claimant continued to smoke marijuana and cigarettes while alleging asthmatic symptoms, which is a contradiction in itself. There was no indication on either of these visits the claimant had asthma or asthma symptoms, as evaluation records showed his lungs were clear to auscultation bilaterally with normal respiratory effort.

7    Tr. 31-32 (citations to the evidence omitted).

8         The Court has reviewed the underlying evidence and concludes these

9    specific, clear and convincing reasons for discounting Plaintiff's subjective

10   complaints and alleged disabling limitations are supported by substantial evidence

11   in the record.

12   **D. Examining Doctors' Opinions**

13        Plaintiff asserts that the ALJ erred in his decision because both Dr. Pollack

14   and Dr. Chandler diagnosed Plaintiff with a pain disorder with both psychological

15   factors and general medical condition; attention deficit hyperactivity disorder; and

16   personality disorder, not otherwise specified. ECF No. 12 at 19- 20.  The ALJ

17   found that Plaintiff had medically determinable impairments of attention deficit

18   hyperactivity disorder, personality disorder, and pain disorder, but the ALJ also

19   found that these impairments were not severe.  Tr. 28.

20   ///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

Plaintiff contends Dr. Chandler found Plaintiff functionally disabled as evidenced by her concluding statement that "[a] payee may be in his best interest." Tr. 236. This qualified statement is neither conclusive nor binding on the ALJ. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (the ALJ need not discuss all evidence presented to him; rather, he must explain why "significant probative evidence has been rejected.")

A district court may not substitute its judgment for that of the Commissioner. If the evidence "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. Plaintiff's citation to other evidence and inferences contrary to the ALJ's findings are not otherwise persuasive.

Here, the ALJ provided specific and legitimate reasons that are supported by substantial evidence in the record for rejecting Dr. Pollack's opinion of disability, as well as discounting Plaintiff's subjective complaints and alleged disabling limitations. The ALJ's findings are supported by substantial evidence in the record.

///

///

///

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is

   **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter

Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** May 7, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18